## Case No. 10,547.

In re OPELOUSA & G. W. R. CO. et al.

[3 N. B. R. (Quarto) 31.] [1]

District Court, D. Louisiana. 1869.

BANKRUPTCY—RAILROAD CORPORATIONS.

At law.

(We have waited some time to ascertain the result of an endeavor to obtain a more detailed and authentic report of the opinion of Judge DURELL in this case. We understand that it was, like most of the opinions delivered by that learned judge, an oral one, and has not been written out. The points given below are believed to be substantially correct, and are laid before our readers with these remarks.—Ed.)

DURELL, District Judge. rendered an elaborate opinion, taking up the various points involved in the case seriatim, and discussing them at length. He decided, first, that railroad corporations, from their character as branches of the great system of internal improvements did not, in his opinion, come within the regime of the bankrupt law, and spoke in the most eloquent terms of these great national highways of commerce.

Judge DURELL also decided that, were the road subject to be placed in bankruptcy, it had not committed an act which could place it there. The judge cited at length the act creating the corporation, and a supplemental act touching the same, showing that special provisions were made in them for the manner of placing the road in insolvency, when it could be shown by its creditors that it was insolvent, the president and directors to act as commissioners in such an event to wind up the business of the corporation.

The judge refuted the idea that, because the bonds of the road were at a mere nominal value, the road could be considered insolvent, and cited instances where commercial paper was sold on the market at a very depreciated rate, and still the maker could not be considered by any means a bankrupt. The tender in open court to pay the coupons sued upon, the court considered an error of counsel, for which the company was not to be held responsible.

In making a resume of the assets and liabilities of the road, the judge was of opinion that the road was able to meet all demands made upon it, though he did not consider that the corporation had been managed in a very successful manner.

THE COURT held that bonds and coupons of a railroad were not commercial paper within the meaning of the bankruptcy act [of 1867 (14 Stat. 517)] and that the paying of coupons of interest after suit was brought or threatened upon the same, was not a preferring of one creditor over another.